SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into between claimants Eric Isbell and Barbaro Perez (collectively, "Claimants") and Workbox, LLC ("Workbox") and Martin Padial (collectively, "Defendants").

I.     RECITALS

1.     Claimants have made certain allegations concerning their employment under Defendant Workbox, LLC, specifically regarding Workbox's failure to pay overtime compensation to Claimants for hours worked in excess of 40 hours per week. Defendants deny that they have any such liability, dispute the hours worked and the amounts claimed, and further state that Workbox has paid the Claimant in accordance with all applicable laws.

2.     The parties have engaged in extensive negotiations. As a result of these negotiations, the parties have agreed to settle the Claimants' FLSA claims according to the terms of this Agreement.

3.     The parties have investigated the facts relating to the claims made by the Claimants and have studied the legal principles applicable to the FLSA claims asserted against the Defendants. Based on Claimants' counsel's investigation, and evaluation of the facts, Claimants and their counsel have concluded that a settlement with the Defendants pursuant to the terms set forth in this Agreement is fair, adequate, and in the best interest of the Claimants.

4.     NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the undersigned, that the FLSA action shall be settled, according to the following terms:

1

Exhibit 1

## II.    RELEASES

5.    **RELEASE.** It is hereby agreed by the Claimants, in consideration of the benefits inuring to the Claimants as explained below, that the Claimants shall be deemed to have RELEASED AND FOREVER DISCHARGED Defendants and Workbox's officers, owners, members, agents and/or representatives from any and all claims they may have under the Fair Labor Standards Act, as well as any other claim(s) otherwise pertaining to compensation, wages, overtime, bonuses, commission, reimbursement, past or future loss of pay or benefits, expenses, damages for pain and suffering, liquidated damages, punitive damages, compensatory damages, attorney's fees, interest, court costs, physical or mental injury, damage to reputation, and any other injury, loss, damage or expense or equitable remedy of any kind whatsoever owed by Defendants to Claimants, whether such claims be known or unknown, existing as of the date this Settlement Agreement is executed, whether such claim, demand, cause of action or liability is based in contract or common law, or any federal, state or local statute, regulation or ordinance.

## III.    OVERTIME HOURS AND SETTLEMENT CALCULATION

6.    The parties agree to resolve the matter as to the individual Claimants in the amounts as follows:

| Name | Total |
|---|---|
| ERIC ISBELL | $ 1,333.50 |
| BARBARO PEREZ | $   868.88 |
|  | $2,202.38 |

7.    **ATTORNEYS' FEES AND COSTS.** In order to facilitate a settlement of this matter, Claimants' attorneys have agreed to reduce their fee from $13,500.00, to a

fee of $9,000.00. Workbox has agreed to pay the amount of $9,000.00 in Claimants' attorneys' fees and costs.

8. Claimants hereby declare that it is understood and agreed that this Settlement Agreement and Release is a compromise of disputed claims being made by claimants. Workbox, LLC expressly denies any and all liability whatsoever and this Settlement Agreement and Release is made merely for the purpose of avoiding further litigation. Nothing contained in this Settlement Agreement and Release shall be interpreted, construed or deemed to be an admission of any liability whatsoever by Workbox, LLC to any of the claimants or any other person(s) with respect to the claims released herein and hereby. The parties agree that the terms of this settlement are strictly confidential and claimants agree not to divulge the terms of this settlement with any third party other than their legal counsel and/or tax professionals employed by claimants for the purpose of providing tax advice regarding the tax consequences and/or payment of taxes as a result of this settlement. The parties agree that neither this document nor its terms shall be published to third parties or admissible in any court proceeding or administrative hearing, except as may be necessary to enforce the terms of this Settlement Agreement and Release.

## IV. Payment Terms

9. Defendant shall make the payments outlined in Sections 6 and 7 to the claimants through their attorneys within 14 days of the signing of this Agreement by all Claimants.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of this ___ day of May, 2017.

CLAIMANTS:

_____
Eric Isbell

BARBARO PAER PERES
_____
Barbaro Perez


WORKBOX, LLC:

_____
Martin Padial, Individually and for Workbox, LLC

4